UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JIMMY TAYLOR, )
)
    Petitioner, )
)
v. ) No. 4:09CV649 HEA
) (TIA)
TROY STEELE,[1] )
)
    Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Court on Missouri state prisoner Jimmy Taylor's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(c).

## I. Procedural History

Petitioner is currently incarcerated at the Potosi Correctional Center located in Mineral Point, Missouri. On January 12, 2001, Petitioner was convicted by a jury in the Circuit Court of the City of St. Louis of forcible sodomy, attempt to commit forcible sodomy, and two counts of kidnaping. (Legal File, Resp. Exh. C at 158-63). The St. Louis City Circuit Court sentenced him on March 2, 2001, as a prior offender, to consecutive terms of life imprisonment plus fifty years. (Id. at 177-80). On March 26, 2002, the Missouri Court of Appeals affirmed Petitioner's convictions and sentence finding that the trial court did not err by failing to sever the charges. State v. Taylor, 71 S.W.3d 668 (Mo. Ct. App. 2002); (Resp. Exh. F). Petitioner did not seek further review in the Missouri Supreme

---

[1]Petitioner is currently incarcerated at Potosi Correctional Center in Mineral Point, Missouri. Inasmuch as Troy Steele, the Superintendent of Potosi Correctional Center, is Petitioner's custodian, Troy Steele should be substituted for Don Roper as the proper party respondent in this cause. 28 U.S.C. §2254(a).

Court, and his time for doing so expired on April 10, 2002. See Missouri Rule 83.02. The Missouri Court of Appeals issued its mandate on April 23, 2002. (Resp. Exh. K).

On July 9, 2002, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15. (Resp. Exh. I at 3-8). Appointed counsel filed a First Amended Motion to Vacate, Set Aside or Correct the Judgment pursuant to Rule 29.15 on February 3, 2003 raising one ground for relief: trial counsel was ineffective for failing to adequately prepare for trial and cross-examine the State's DNA expert on the DNA evidence and to call two witnesses. (Id. at 18-22). On August 24, 2006, the post-conviction motion court denied relief without an evidentiary hearing holding his claim of ineffective assistance of trial counsel to be without merit. (Id. at 28-32). On appeal, Petitioner raised one claim for relief, the ineffectiveness of trial counsel. (Resp. Exh. G). The Missouri Court of Appeals affirmed the denial of relief on April 15, 2008, Taylor v. State, 249 S.W.3d 912 (Mo. Ct. App. 2008); (Resp. Exh. J), and issued its mandate on May 9, 2008. (Resp. Exh. L). Petitioner pursued no other action for review of his convictions and sentence.

On April 24, 2009, this Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by Petitioner's application to proceed in forma pauperis ("IFP"). The petition and application bear Petitioner's signature dated April 21, 2009. On April 30, 2009, Petitioner's application to proceed IFP was granted. Respondent was thereafter ordered to show cause why the claims for relief as set out in Petitioner's petition should not be granted. In response, Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch the original federal habeas petition was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d). See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (the one-year period is tolled through the date a timely post-conviction appeal is concluded by the Missouri appellate court's

issuance of a mandate). Respondent further counters that the grounds for relief in the petition are either procedurally barred or without merit.

A person in custody under a state court judgment has one year from the date upon which the judgment became final to apply for a writ of habeas corpus from a federal court. 28 U.S.C. § 2244(d)(1). The judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The one-year statutory period is tolled during the time a properly filed application for State post-conviction relief is pending. § 2244(d)(2).

Petitioner was convicted on January 12, 2001, and he was sentenced as a persistent offender on March 2, 2001. The Missouri Court of Appeals affirmed the conviction and sentence on March 26, 2002. State v. Taylor, 71 S.W.3d 668 (Mo. Ct. App. 2002). The mandate issued on April 23, 2002. Petitioner did not seek transfer to the Missouri Supreme Court and, thus, his conviction became final for purposes of § 2244(d)(1)(A) on the day the mandate issued. Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008). In such circumstances, the federal habeas court does not include in the period provided by 28 U.S.C. § 2244(d)(1)(A) the ninety day period allowed for filing a petition for certiorari to the United States Supreme Court because the United States Supreme Court could not review the petitioner's direct appeal due to the absence of a decision by the state court of last resort, the Missouri Supreme Court. Id. at 855. Therefore, in these situations, "the statute of limitations in 28 U.S.C. § 2241(d)(1) [begins] the day after the direct-appeal mandate" is issued. Id. at 856; accord McMullan v. Roper, 599 F.3d 849, 852 (8th Cir. 2010) (when no petition for writ of certiorari was filed with the United States Supreme Court, the "state court judgment becomes final ... the day after the direct appeal mandate was issued by the Missouri Court of Appeals.").

Here, the Missouri Court of Appeals issued its direct-appeal mandate on April 23, 2002, and

Petitioner did not request transfer to the Missouri Supreme Court or file a petition for writ of certiorari with the United States Supreme Court. The limitations period ran for 77 days until Petitioner filed a motion for post-conviction relief on July 9, 2002. Section 2242(d)(20 states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). After the motion was denied, Petitioner appealed, without success. On May 9, 2008, the Missouri Court of Appeals issued the mandate following the appeal of the denial of post-conviction relief. Taylor v. State, 249 S.W.3d 912 (Mo. Ct. App. 2008). At that point, the running of the limitations period resumed.

To be timely, the instant habeas petition had to be filed 288 days later on February 23, 2009.[2] The original petition was mailed on April 21, 2009 and was untimely filed on April 24, 2009.

The one-year statute of limitations set forth in § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).

While equitable tolling may salvage an untimely petition, it is "an exceedingly narrow window of relief." Riddle, 523 F.3d at 857 (*quoting* Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)). Petitioner has failed to demonstrate that "extraordinary circumstances beyond [his] control made it impossible for [Petitioner] to file [his] petition on time." Runyon v. Burt, 521 F.3d 942, 945 (8th Cir.

---

[2]February 22, 2009, actually marks the end of the one-year period. However, because February 22, 2009, was a Sunday, it would have been excluded from the one-year time computation pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, and Petitioner would have had until February 23, 2009, to seek federal habeas relief. Fed. R. Civ. P. 6(a) (computation of time periods excludes the day of the act and includes the last day of the period unless it is a Saturday, Sunday, or legal holiday). The ending date under Riddle was a Sunday, making Monday, February 23, 2009, the end date for purposes of the one-year statute of limitations under AEDPA.

2008) (*quoting* Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999)). Petitioner has not set forth any grounds to establish that the doctrine of equitable tolling should apply. Equitable tolling will not work to save the instant petition, and Petitioner's claims are time-barred. Accordingly, the petition for writ of habeas corpus was not timely filed and should be dismissed.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Petitioner Jimmy Taylor's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1/filed April 24, 2009) be dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

      /s/ Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE

Dated this   18th   day of July, 2012.